# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-00153 |
| | § | |
| ALTON EARL DONALSON, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court are the United States of America's motions for default judgment (Dkt. 38, 39) against defendants Texas Workforce Commission ("TWC"), Tejano Insurance Agency ("TIA"), and Texas Insurance Exchange ("TIE"). In addition to a judgment of default, plaintiff seeks an order against defendants that the interest of the United States is superior to any interest of the defendants in Alton Earl Donalson's "Bellaire Property" at 5919-5921 Bellaire Blvd., Houston, Texas, and his "Twin Hills Property" at 7199 Twin Hills Drive, Houston, Texas. After reviewing the motion, the pleadings, other filings in this case, and the applicable law, the court determines that this motion should be denied.

Pursuant to Federal Rule of Civil Procedure 55, entry of default and default judgment are appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." FED. R. CIV. P. 55(a). Even if a defendant is technically in default, however, a plaintiff is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). In order to grant default, the court must assess the merits of plaintiff's claims and find sufficient basis in the pleadings for the judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.

1975).  By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact . . . and is barred from contesting on appeal the facts thus established." *Id.*  Additionally, under Rule 5.5 of the Local Rules of the Southern District of Texas, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested.  S.D. TEX. L.R. 5.5.

The United States of America has served each of the defendants with process in this case.  Dkts. 10; 12; 13.  And, none of these parties has plead or otherwise defended the suit.  However, because technical default does not alone warrant a default judgment, the court must consider the merits of plaintiff's request.

The court finds a sufficient basis for the judgment and order as to the TWC.  The TWC has stipulated in writing that the United States' interest in the Bellaire Property and Twin Hills Property is superior to any interest TWC holds.  Dkt. 38-1.

The court does not find a sufficient basis in the pleadings for the judgment and an order as to TIA regarding either property.  The pleadings do not allege any facts as to TIA, but say the following about Tejano Insurance & Services: "[a]ny interest of the United States for its federal tax liens are superior to any interest of the Lessees in the Bellaire Property."  Plaintiff served TIA, and submits its pending motion as to TIA, not Tejano Insurance & Services.  Plaintiff has not provided any information on which the court can consider TIA and Tejano Insurance & Services to be the same entity.  Plaintiff has not provided a sufficient basis for the court to grant its motion for default judgment and order as to TIA.

The court also does not find a sufficient basis in the pleadings for an order as to TIE regarding either property.  The pleadings only state that "[t]he judgment [held by TIE], and its abstract, may reflect a superior interest, in whole or in part, to the interests of the United States in the Bellaire Property."  This admission, created by TIE's default, does not create a sufficient basis

to order that the United States' interest in either property is superior to TIE's. The admission only states that TIE's interest in the Bellaire Property may actually be superior to the United States'. Plaintiff has not provided a sufficient basis for the court to grant its motion for default judgment and order as to TIE.

Despite the varying success on the merits that each motion may have had, they all fail to demonstrate the service demanded by Local Rule 5.5.

For the foregoing reasons, the plaintiff's motions for default judgment (Dkts. 38, 39) are **DENIED** without prejudice.

It is so **ORDERED**.

Signed at Houston, Texas on December 10, 2014.

Gray H. Miller
United States District Judge